

FILED
CLERK, U.S. DISTRICT COURT

MAR 11 2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-MJ-1342 |
| Plaintiff, | ORDER OF DETENTION |
| v. | [Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. §§ 3143(a)(1), 3148(b)] |
| NATIVIDAD GUADALUPE GARCIA, | |
| Defendant. | |

I.

On March 11, 2025, Defendant Natividad Guadalupe Garcia made her initial appearance in this district following her arrest on the petition for warrant to revoke supervised release and warrant for arrest issued in the Southern District of California on January 31, 2025. Deputy Federal Public Defender Jake Crammer was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Yervent Hagopian. Defendant submitted on the

recommendation of detention in the report prepared by U.S. Probation and Pretrial Services.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that :

A.   ☒   Defendant has not carried her burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ allegations in the petition: (1) On November 19, 2024, Defendant submitted a urine sample which tested positive for amphetamine/methamphetamine; (2) . On November 19, 2024, Defendant submitted a urine sample which tested positive for marijuana metabolite;  (3) On November 26, 2024, Defendant failed to report, as directed,  to her probation officer; and (4) On November 27, 2024, Defendant changed her residence without notifying her probation officer, and her whereabouts are unknown.

☒ Defendant does not have stable housing, employment or bail resources and has a history of substance abuse.

☒ unverified background information

B.   ☒   Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ criminal history  and history of substance abuse

☒ allegations in the petition (see above)

### III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal to be removed to the Southern District of California.

<u>The Court directs government counsel to follow up with government counsel in the charging district regarding Defendant's next scheduled date, and provide this information to DFPD Crammer in order to monitor the status of Defendant's transportation to, and arrival in, the charging district for her next appearance.</u>

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: March 11, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE